# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE LAMONT MOORE, | | No. 1:20-CV-02437 |
| Petitioner, | | (Chief Judge Brann) |
| v. | | |
| ERIC BRADLEY, | | |
| Respondent. | | |

## MEMORANDUM OPINION

### FEBRUARY 15, 2022

Petitioner Terrance Lamont Moore, an inmate confined at the United States Penitentiary, Canaan (USP Canaan) in Waymart, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He asserts that his procedural due process rights were violated when a disciplinary charge was amended on appeal without notice.  For the reasons that follow, the Court will deny Moore's petition.

## I.   BACKGROUND

Moore is currently serving a 92-year sentence for armed bank robbery and firearms charges imposed by the United States District Court for the Eastern District of North Carolina.[1]  His projected release date is 2077.[2]

---

[1]   *United States v. Moore*, No. 4:98-CR-13, Doc. 84 (E.D.N.C. July 12, 1999); Doc. 8-1 at 8.
[2]   Doc. 81-1 at 6.

On November 9, 2017, at USP Canaan, Moore was involved in a physical altercation with several other inmates.[3]  Moore claims that he acted in self-defense and that another inmate initiated the fight.[4]

Moore was initially charged with "Assaulting any Person (Less Serious)," Offense Code 224, a "High Severity Level" offense.[5]  A disciplinary hearing was held on January 6, 2018, notice of which was given to Moore on December 21, 2017.[6]  On January 6, Moore appeared before Disciplinary Hearing Officer George Zevan (DHO Zevan).[7]  After considering—among other evidence—Moore's testimony, video surveillance of the incident, photos, memorandums from multiple prison officers, and witness testimony, DHO Zevan concluded that Moore was guilty of Offense Code 299 ("Conduct which disrupts or interferes with security or orderly running of the institution . . . most like another High severity prohibited act") most like Code 201 ("Fighting with another person"), rather than Code 224.[8] Moore was sanctioned to disallowance of 27 days of Good Time Conduct, 30 days of disciplinary segregation, 180 days' loss of commissary privileges (suspended 180 days pending clear conduct), 180 days' loss of MP3 player privileges, and 180 days' loss of phone privileges.[9]

---

[3]   *See* Doc. 1 at 13-14.
[4]   *See id.* at 11, 13-14; Doc. 15 at 1.
[5]   Doc. 1 at 11; Doc. 8-1 at 4 ¶ 10; Doc. 8-1 at 51, 58.
[6]   Doc. 1 at 11-12.
[7]   *Id.* at 14; Doc. 8-1 at 1.
[8]   Doc. 1 at 11, 14; Doc. 8-1 at 4 ¶ 12; Doc. 8-1 at 56-59.
[9]   Doc. 1 at 14.

Moore appealed this decision to the Regional Director.[10]  On April 4, 2018, the Regional Director amended DHO Zevan's conviction of Code 299 most like Code 201 to simply Code 201.[11]  The sanctions were left unchanged.[12]  Moore appealed to the General Counsel, the final step in the federal administrative remedy process.[13]  The General Counsel upheld DHO Zevan's decision and the Regional Director's amendment of the charge from Code 299 to Code 201.[14]

Moore filed the instant Section 2241 petition in December 2020.[15]  The petition has been fully briefed and is ripe for disposition.

## II.   DISCUSSION

Moore contends that his Fifth Amendment procedural due process rights were violated when the Regional Director modified the offense of conviction from Code 299 most like Code 201 to Code 201 without notice or an opportunity to defend.  Respondent counters that, under Bureau of Prisons (BOP) policy, the Regional Director is permitted to amend the charge to a different offense within the same offense-level category without an additional hearing or notice to the prisoner.  Respondent also argues that DHO Zevan's decision is supported by "some evidence," which is all that is constitutionally required.  Because Moore does not

---

[10]   *Id.* at 16-17.
[11]   *Id.* at 18.
[12]   *Id.*
[13]   *Id.* at 19-20.
[14]   *Id.*
[15]   *See generally* Doc. 1.

challenge DHO Zevan's initial decision or the quantum of evidence involved,[16] the

Court need only address Respondent's first argument.

Inmates retain certain procedural due process rights in prison disciplinary

proceedings, although these rights "may be curtailed by the demands and realities

of the prison environment."[17]  *Wolff v. McDonnell* enumerates those protections

and requires, at minimum, (1) the right to appear before an impartial decision-

making body; (2) written notice of the charge(s) at least 24 hours in advance of the

disciplinary hearing; (3) an opportunity to call witnesses and present documentary

evidence (so long as the presentation of such evidence is not "unduly hazardous to

institutional safety or correctional goals"); (4) if the inmate is illiterate or complex

issues are involved, assistance from another inmate or a staff member; and (5) a

written decision by the factfinder(s) setting forth the evidence relied on and the

reasons for the disciplinary action.[18]

Moore contends that the action of the Regional Director on appeal—

changing the offense of conviction to Code 201 from Code 299 without written

notice or an opportunity for Moore to present a defense—violated his procedural

due process rights.  Moore is incorrect.

---

[16]  *See* Doc. 15 at 4-5 (arguing that "everything about this [habeas] case boils down to the scope of the authority granted to the Regional Director on appeal of DHO[s'] decisions").

[17]  *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)).

[18]  *Wolff*, 418 U.S. at 563-70 (citations omitted).

Under relevant BOP policy, the Regional Director is permitted to "approve, *modify*, reverse, or send back with directions . . . any action" of the DHO "but may not increase a valid sanction."[19]  When a disciplinary charge is modified following a hearing, a procedural due process concern only arises if the amended charge is not contemplated by the operative facts of the original offense and thus prevents an inmate from mounting a defense.[20]

Here, there is no question that Moore understood the underlying facts and alleged conduct involved in the Code 224 assault charge and had adequate notice to prepare a defense.  The January 9, 2018 hearing report shows that Moore was provided with the November 9, 2017 incident report, which set forth a description of the physical altercation and inmates involved.[21]  This report was provided to Moore well in advance of the disciplinary hearing, during which Moore claimed self-defense and presented another witness whose testimony supported that claim.[22]  Tellingly, Moore does not explain how he would have approached the hearing or presented his defense differently if he had known the charge was "fighting" rather than "assault."  Moreover, in his appeal to the Regional Director, Moore essentially

---

[19]  U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, Program Statement No. 5270.09, Inmate Discipline Program § 541.8(i) (2011) (emphasis added).

[20]  *See Guerrero v. Recktenwald*, 542 F. App'x 161, 164 (3d Cir. 2013) (nonprecedential); *Northern v. Hanks*, 326 F.3d 909, 910-11 (7th Cir. 2003); *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992); *Luna v. Zickefoose*, No. 1:14-CV-1060, 2015 WL 463270, at *5 (M.D. Pa. Feb. 4, 2015).

[21]  *See* Doc. 8-1 at 72-73.

[22]  Doc. 1 at 11-12; *see also* Doc. 15 at 2.

admitted that the video evidence showed that he was involved in "a fight."[23]  Thus,

the fact that Moore's ultimate charge of conviction was amended to Code 201

(fighting) from an initial charge of Code 224 (assault) and an initial conviction of

Code 299 most like Code 201 does not implicate a Fifth Amendment procedural

due process violation.

### III.    CONCLUSION

For the foregoing reasons, the Court will deny Moore's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[23]   Doc. 8-1 at 74.